UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>JAMAR MANNERS,<br>  a/k/a "Gutter,"<br><br>      *Defendant.* | **Protective Order**<br><br>**20 Cr. 273 (KMK)** |

   Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

   1. **Sensitive Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of the Government's forthcoming disclosures, referred to herein as "sensitive disclosure material," contain information that (i) affects the privacy and confidentiality of individuals other than the defendant; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged conduct and individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. The Government will mark Bates-stamped documents "Sensitive Disclosure Material" on the face of the documents, and will designate electronic documents produced in native format as "Sensitive Disclosure Material" in a cover letter, as appropriate at the time of production, although such markings shall not be affixed to any hearing or trial exhibit. The Government's designation of

material as sensitive disclosure material will be controlling absent contrary order of the Court; the Government and the defendant agree to meet and confer in an effort to resolve disputes over the appropriateness of any such designation prior to making a motion for any such Court order.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce disclosure material expeditiously, and will afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Sensitive disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to the media or any third party except as set forth below.

2. Sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any sensitive disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for sensitive disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all sensitive disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If sensitive disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

6. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[Remainder of this page intentionally left blank.]

## Retention of Jurisdiction

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to modify or enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Derek Wikstrom                     Date:   June 12, 2020
    Derek Wikstrom
    Assistant United States Attorney


    /s/ Sam Braverman                      Date:   June 12, 2020
    Samuel Braverman
    Counsel for Jamar Manners

SO ORDERED:

Dated: White Plains, New York

   June  15  , 2020

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4