# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ∎ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ∎ FAX: 212-278-1733
www.AndersonKill.com

Samuel M. Braverman, Esq.
SBraverman@AndersonKill.com
Tel. 212-278-1008

January 7, 2024

Re:   *United States v. Jamar Manners*
Dkt.:  20Cr 273 (KMK)

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Dear Judge Karas:

I write in response to the Government's submission of January 4, 2024 in the above matter and to clear both the significant misunderstanding by the Government of what Mr. Manners wrote, as well as to show why *Dillon v. United States*, 560 U.S. 817 (2010), does not prohibit the remedy of U.S.S.G. §4A1.1(e). Mr. Manners is entitled to a retroactive application of the new guidelines and a modification of his sentence.

Preliminarily, Mr. Manners did not argue in his submission that he now deserved a lower *discretionary* sentence than what the Court imposed at the time of the original sentence. 18 U.S.C. §3553(a) was never cited, his post-sentence behavior or rehabilitation was never offered, nor was any comparisons to other defendants raised. In fact, the only issue raised at all was whether §4A1.1(e) applied. If it does, then Mr. Manners would have seven criminal history points and, since it would be the same criminal history category as at the time of the original sentencing, then he would not be eligible for the correction allowed by §3582(c)(2). If §4A1.1(e) doesn't apply, then he is eligible for the correction.

Thus, the first question in this analysis is "How many criminal history points does Mr. Manners have?" This is not a trick question, nor it is complicated. Mr. Manners has three points from his 2008 conviction and three points from his 2013 conviction. Three plus three equals six. He has no other convictions. Since no one can accurately argue that Mr. Manners has anything but six criminal history points, §4A1.1(e) does not apply.[1]

---

[1] "In the end the Party would announce that two and two made five, and you would have to believe it. It was inevitable that they should make that claim sooner or later: the logic

**Anderson Kill P.C.**

February 21, 2023
Page 2

The Government's reliance on the syllabus or headnotes of *Dillon* are not prevailing, given the plain language of the decision and the history of that case, including the Government's merits briefing in that case (which actually *concedes* this point.) The issue in *Dillon* is whether a retroactive guideline amendment allows for a plenary resentencing of a defendant, and the re-consideration by the district judge of *Kimbrough*, *Gall*, and other 18 U.S.C. §3553(a) factors. The *Dillon* Court held that a §3582(c)(2) resentencing did not authorize the district judge to change the §3553(a) consideration beyond what was part of the retroactive amendment. On this point, Justice Sotomayor writes for the Court:

> Dillon additionally contends that the District Court erred in failing to correct two mistakes in his original sentence. Under his view of § 3582(c)(2), a district court is required to recalculate a defendant's sentence. Thus, any mistakes committed at the initial sentencing are imposed anew if they are not corrected. According to Dillon, the District Court in the instant proceeding should have corrected the *Booker* error that resulted from the initial sentencing court's treatment of the Guidelines as mandatory, and it should have adjusted his criminal-history category, which he now contends was erroneously inflated.

> Dillon's arguments in this regard are premised on the same misunderstanding of the scope of § 3582(c)(2) proceedings dispelled above. As noted, § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.

The *Dillon* court held that the change in the guidelines did not apply to other guideline determinations (in *Dillon*, a policy disagreement between the district court about the 100:1 crack:cocaine ratio addressed by the USSC in the 2007 and 2008 amendments and *Kimbrough*.) The retroactive amendment in this case applies to the calculation of criminal history, and status points apply only to a limited set of defendants: those with seven or more criminal history points. There can be no

---

of their position demanded it. Not merely the validity of experience, but the very existence of external reality was tacitly denied by their philosophy. The heresy of heresies was common sense." Orwell, George 1984, Part 1, Chapter 7.

**Anderson Kill P.C.**

February 21, 2023
Page 3

other first step in the two-step analysis than to determine "how many criminal history points does the defendant have?"

The second step of the SCOTUS two-step is: "Does this amendment therefore change the guideline today from what it was then?" Rephrased for this case, it is "Do the §3582 status points apply to someone with only six criminal history points?" Fortunately for Mr. Manners, they do not. The Government could have tried to argue in its submission about the principles of collateral estoppel, but it did not. The Government does not argue that a person with only six criminal history points is in criminal history category IV, nor could it. This therefore completes the two-step analysis and this Court must now resentence Mr. Manners under the new guideline range for his case.

The question here is different from what was before the *Dillon* court. In its merits brief in the *Dillon* matter, the Government conceded that a district court in a retroactive application analysis retains the ability to correct "plain error". In that brief, the Government wrote:

> On appeal, petitioner for the first time raised the argument he now makes in this Court: that petitioner's criminal history category had been incorrectly calculated from the start because petitioner had not been sentenced to "a term of probation of at least one year or a term of imprisonment of at least thirty days," as required by Guidelines § 4A1.2(c)(1). See Pet. C.A. Br. 48-51.

> c. Because petitioner failed to present the argument to the district court, the district court's failure to correct that purported error in petitioner's Section 3582(c)(2) proceedings is reviewable, at most, for plain error under Federal Rule of [Criminal] Procedure 52(b). Under the plain-error rule, a defendant must demonstrate that he suffered obvious error resulting in prejudice, and that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 469 (1997). Petitioner cannot make that showing.

> 2. As an initial matter, petitioner's argument that the district court in his Section 3582(c)(2) proceedings was not only permitted, but obligated, to correct the purported error in the calculation of his criminal history score rests critically on the proposition that *Booker* invalidates the limitations on sentencing reduction proceedings embodied in Section 3582(c)(2) and Guidelines § 1B1.10.

> Contrary to petitioner's argument (Pet. Br. 46-47), Section 3582(c)(2) and Guidelines § 1B1.10, by their terms, confer no authority to revisit sentencing decisions unrelated to the Guidelines amendment on which sentence reduction proceedings are based. Indeed, Guidelines § 1B1.10 specifically directs that district courts, in calculating the amount of reduction authorized by a Guidelines

February 21, 2023
Page 4

> amendment, "shall leave all other guideline application decisions unaffected." Guidelines § 1B1.10(b)(1).10 Thus, if the district court was compelled to reconsider the criminal history category calculation it had made at petitioner's sentencing in 1993, it can only be because *Booker* overrides the limitations embodied in Section 3582(c)(2) and Guidelines § 1B1.10 and requires that district courts be permitted to reopen all aspects of the defendant's sentence in the course of Section 3582(c)(2) sentence-reduction proceedings. For all the reasons explained above, *Booker* does not command that result. See pp. 16-38, supra.
>
> 3. In any event, petitioner's assignment of error fails even on the terms of his own argument. As noted above, because petitioner did not raise the argument in the district court, it is reviewable only for plain error. Further, as petitioner acknowledges (Pet. Br. 47-48), even if the district court in petitioner's Section 3582(c)(2) proceedings otherwise had authority to consider sentencing issues unrelated to the application of the crack cocaine amendments, the court's calculation of petitioner's criminal history category at his 1993 sentencing is the law of the case. That calculation is therefore not subject to reconsideration unless petitioner can demonstrate that it was "clearly erroneous and would work a manifest injustice." Pet. Br. 48 (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).[2]

The *Dillon* court did not rule in that case, nor has the Supreme Court in any case since, that plain error analysis no longer applies. It would appear that the Government in the instant case argues that this Court, having made plain error in the past, should persist in making such error again, notwithstanding that all parties are now on notice of such error. Error is to be avoided whenever and wherever possible. I should have corrected the error when probation made it in the initial draft of the PSR, but I missed it (as did the Government.) It is here now before the Court and cannot be left to stand based on some misguided obsession with consistency.

Very truly yours,

*Sam Braverman*
Samuel M. Braverman, Esq.
National Co-Chair,
Government Enforcement,
Internal Investigations, and

---

[2] https://www.justice.gov/osg/brief/dillon-v-united-states-brief-merits

**Anderson Kill P.C.**

February 21, 2023
Page 5

White-Collar Defense Group

The application for a sentence reduction, based on 18 U.S.C. Section 3582(c), is denied. The application is based on Amendment 821, which retroactively alters the Guidelines provision that applies additional criminal history points, commonly referred to as "status points" for defendants who committed crimes while serving a criminal justice sentence. In the wake of Amendment 821, the Probation Department produced a supplemental PSR which concluded that Amendment 821 applied to Manners and reduced his criminal history score from 9 to 8. However, this reduced score does not change Manners' criminal history category, because scores of 8 and 9 both fall into category IV. Thus, the Probation Office concluded that Manners' Guidelines range of 46 to 57 months was unchanged, and that Manners thus "is precluded from a sentence reduction because the Total Offense Level and Criminal History Category do not change as a result of these guideline amendments." It also bears noting that the Court imposed a 46-month sentence.

Section 3582(c) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . ." In this first step, the Guidelines provide that "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10 comment. n. 2 (emphasis added). This policy statement bars the use of Section 3582(c)(2) to address alleged sentencing errors unrelated to a retroactively applicable amendment such as Amendment 821. See Dillon, 560 U.S. at 831 (holding that alleged errors in an original sentence that "were not affected by the [Guidelines amendment] . . . [were] outside the scope of the proceeding authorized by §3582(c)(2)"). If, and only if, a defendant is deemed eligible for a sentence reduction after step one, then a court is to determine, in its discretion, whether to lower the sentence, considering the factors set forth in 18 U.S.C. Section 3553(a). See United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010).

Manners argues in response that when it first imposed the sentence in this case in 2021, the Court miscalculated his criminal history because one point was erroneously assessed for a marijuana conviction that was expunged. Thus, according to Manners, he should receive a lower sentence because the combined effect of Amendment 821 and correcting for the erroneously added criminal history point would leave him with 7 criminal history points, thus placing him in a lower criminal history category. Manners further argues in his reply that the Supreme Court's decision in Dillon does not foreclose a lower sentence, claiming that Dillon permits this Court to impose a lower sentence under a plain error analysis. While clever, this argument does not carry the day. Simply put, Dillon leaves no room for any suggestion that this Court can re-do the sentence based on alleged errors that are unrelated to the changes embodied in Amendment 821. On this point, the Second Circuit has observed that Dillon stands for the proposition that "because § 3582(c)(2) 'does not authorize a sentencing or resentencing proceeding," a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under that provision." Mock, 612 F.3d at 137 (quoting Dillon, 560 U.S. at 825). The Second Circuit's reading of Dillon is shared by other circuits. See, e.g., United States v. Guerrero, 946 F.3d 983, 989 (7th Cir. 2020) ("Dillon requires that all guideline calculations from the original sentencing that were not affected by the retroactive amendment remain in place because § 3582(c)(2) is 'a narrow exception to the rule of finality' of criminal sentences under Federal Rule of Criminal Procedure 35 . . . [Thus], the district court may not reevaluate decisions made at the time of the original sentencing adjustments."); United States v. Dunn, 631 F.3d 1291, 1293 (D.C. Cir. 2010) (noting that Dillon " made clear that a court's authority in a sentence-reduction proceeding is strictly limited to shortening the length of a prison term and does not extend to collateral matters unrelated to the Guidelines change.") (quoting Dillon, 560 U.S. at 827).

Thus, regardless of the nomenclature Manners may want to use to challenge the Court's original sentence, the law does not allow him to use Section 3582(c) to do so. See United States v. Lopez, 523 F.Supp.3d 432, 436 (S.D.N.Y. 2021) ("Mock did not rest on the type of procedural error, but on the limited scope of the district court's authority under section 3582(c)(2). . . Accordingly, the Court concludes that it is not 'authorized to consider' Lopez's erroneous classification as a career offender at sentencing under section 3582(c)(2).") (quoting Mock, 612 F.3d at 138). And, because application of Amendment 821 does not otherwise reduce his sentence, Manners' Section 3582(c) application is denied.

So Ordered.

2/14/24